**WILFRED J. KILLIAN**
**ATTORNEY AT LAW**
9903 Santa Monica Blvd.
Suite #510
Beverly Hills, CA  90212
(310) 289-2140
wkillianlaw@yahoo.com
Attorney for Plaintiffs DOE 1 AND DOE 2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| DOE 1, an individual; and DOE 2, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA; TRACY WILKISON (OFFICIAL CAPACITY); KRISTI KOONS JOHNSON (OFFICIAL CAPACITY) and ROES 1-20, <br><br> Defendants. | Case No.: <br><br> **PLAINTIFFS' COMPLAINT FOR:** <br><br> **(1)  RETURN OF PROPERTY (FED. RULES CRIM. PROC., RULE 41(g)); AND** <br><br> **(2)  UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF FOURTH AND FIFTH AMENDMENTS.** <br><br> **DEMAND FOR JURY TRIAL** |

**COMES NOW, PLAINTIFFS DOE 1 and DOE 2 and allege as follows:**

1. Plaintiffs DOE 1 and DOE 2 bring this action against the United States of

---

**1**

**PLAINTIFFS' COMPLAINT**

America, Tracy L. Wilkison, and Kristi Koons Johnson, seeking to enjoin and redress the unlawful seizure, search, inspection, and retention of Plaintiff's property in violation of applicable law, and Plaintiffs' Fourth and Fifth Amendment rights.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Article III of the United States Constitution because the United States is a Party to this action, and the action involves questions of federal statutory and Constitutional law.

3. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Federal Rules of Civil Procedure 57 and 65 authorize declaratory and injunctive relief in this matter.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 139l(b)(l)(b)(3) because defendants include the United States and agencies of the United States, because on information and belief defendants sued in their official capacity, reside in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

# PARTIES

5. Plaintiffs DOE 1 and DOE 2 are, and at all relevant times were, individuals residing in Los Angeles County, California. Plaintiffs had non-contraband valuable property in safe deposit box 22 at US Private Vaults, which was seized by the United States Attorney's Office for the Central District of California on or around March 22, 2021 and is still being held by Defendants.

6. Defendant Tracy L. Wilkison is, and at all relevant times was, the Acting United States Attorney for the Central District of California. The United States Attorney for the Central District of California has authority over all policies and practices of the United States Attorney's Office for the Central District of California, and all actions taken by Deputy United States Attorneys for the Central District of California. Defendant Wilkison is sued in her official capacity, only.

7. Defendant Kristi Koons Johnson is, and at all relevant times was, the Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation. The Assistant Director in Charge of the Los Angeles Field Office of the Federal Bureau of Investigation has authority over the policies and procedures implemented by, and the actions of, FBI agents working on behalf of the Los Angeles Field Office. Defendant Koons Johnson is sued in her official capacity, only.

8. Defendant United States of America is and was, and at all relevant times, the United States of America, its departments, agencies, and entities, including those responsible for the Fourth and Fifth Amendment violations and other violations of law alleged in this action.

## GENERAL ALLEGATIONS

**A. Plaintiffs Stored Property In A Safe Deposit Box Rented At US Private Vaults**

9. This action relates to the search and seizure of property deposited by Plaintiffs in safe deposit box number 22, maintained by US Private Vaults.

10. US Private Vaults ("USPV") is a company located at 9182 West Olympic Boulevard, Beverly Hills, CA 90212, that rents safe deposit boxes. USPV has between 600 and 1000 safe deposit boxes rented to hundreds of different customers.

11. USPV offers safe deposit boxes similar to those available at a bank, but with several key differences that provide its customers enhanced privacy, security and availability.

(a) USPV identifies its customers by encrypted biometric information in the form of an iris scan and does not use other personal identifying information related to its customers. USPV advertises this feature as an enhanced privacy and security measure that protects against the theft of personal identifying information.

(b) USPV does not maintain keys to its customers' safe deposit boxes. customers maintain all keys to their boxes and access the vault containing their boxes through iris scan or biometric hand geometry scan, which reads the shape of a customer's hand (as opposed to finger or palm prints).

(c) USPV offers 24/7 monitoring by the ADT security company through use video at ADT's central station, as well as motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours.

(d) USPV offers insurance for each safe deposit box up to $500,000 per box.

### B. The United States Attorney's Office For The Central District of California And The Los Angeles Field Office Of The FBI Searched US Private Vaults And Seized All Safe Deposit Boxes And Their Contents

12. On or around March 22, 2021, federal law enforcement agents, including FBI agents from the Los Angeles Field Office, acting at the direction of the United States Attorney's Office for the Central District of California (the "USAO"), began conducting a search of USPV and seized every safe deposit box contained in the facility. Defendants' search of the USPV location and seizure of the contents of the safe deposit boxes, and the risk that they will continue to search the contents of those safe deposit boxes, are ongoing as of the date of this filing.

13. On June 10, 2021, counsel for Plaintiff requested a copy of the warrant authorizing the search and seizure of property at USPV and the return of Plaintiffs' property and a complete inventory of the seized property. As of the date of the filing of this Complaint, the Government has not provided Plaintiffs' counsel with a copy of the warrant, returned Plaintiffs' possessions, or provided a complete and concise inventory.

14. On information and belief, and based upon news interviews with attorneys in Defendant Wilkison's office, the Government intends to refuse the return of property to any box holder who adheres to his or her constitutional rights and refuses to waive his or her Fifth Amendment rights. On information and belief, the Government intends to subject every box holder to criminal investigation by including at least the following steps:

(a) Each safe deposit box owner would be required to disclose their identity to the USAO, and agents for the Federal Bureau of Investigation acting at the direction of the USAO, to initiate a claim for the return of the contents of their safe deposit box.

(b) Once provided with the owner's identity, the USAO intends to open a criminal investigation into the owner based upon the USAO's belief that nobody

would utilize the safe deposit boxes at USPV unless they were a "criminal."

(c) The Government intends to refuse to return the property in the safe deposit box to the owner unless the owner explains to the USAO how they obtained the property in their safe deposit box and convinces the USAO that it was not related to the commission of a "crime."

15. As of March 26, 2021, the USPV location is closed and a sign is affixed to the door directing safe deposit box owners to use the web link forms.fbi.gov/uspvclaims to "initiate a claim for your US Private Vaults box":

16. The form located at forms.fbi.gov/uspvclaims states: "To make a claim for property stored at U.S. Private Vaults in Beverly Hills, California, please provide the following information. An FBI agent will contact you for additional details." The form requires entry of first name, last name, and contact number for submission. The form also requires the person submitting the form to acknowledge that "it is a federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning the facts on this form as applicable under the provisions of Title 18, United States Code, Section 1001, et seq."

### C. Plaintiffs Are Suffering Ongoing Harm and Grave Financial Hardship

17. The safe deposit box containing Plaintiffs' property remains in Defendants' possession, and the risk that Defendants will continue searching, inspecting, cataloging and devaluing its contents is ongoing.

18. Plaintiffs are in the business of cleaning, conserving, cataloging, archiving and brokering the sale of rare coins. The seized property included, amongst other things, cash and rare coins that are undergoing a critical conservation process that must be completed or the property will be severely devalued. Furthermore, many of the coins were scheduled to be auctioned in Lancaster, PA on September, 15-16, 2021. The seized property is the business property of an ongoing business, that is necessary for the continued function, effective growth and operation. The deprivation of the seized property prevents the proper function of an ongoing legitimate business and deprive Plaintiffs of an effective means to maintain their livelihood.

19. As of the filing of this Complaint, Plaintiffs continue to be deprived of the cash originally seized. Plaintiffs have no possible method to recover the property seized by Defendants.

### FIRST CAUSE OF ACTION

**(Return of Property Pursuant to Fed. R. Crim. P. 41(g),**

**Against United States of America)**

20. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs.

21. On or around March 22, 2021, and continuing up until the time of this filing, in this District, Defendants seized the USPV safe deposit boxes containing Plaintiffs' property, without any knowledge of the safe deposit box's contents or the identities of the owners of those contents. Defendants seized the safety deposit boxes without a valid warrant and without probable cause to believe the contents of Plaintiffs' safe deposit box's contents were connected to any crime. On information and belief, Defendants did not have a warrant to search the contents of Plaintiffs' safe deposit box identified as safe deposit box number 22.

22. Defendants have begun to search and inventory the contents of Plaintiffs' safe deposit box, even though Defendants lack probable cause to conduct such a search. Defendants have stated nothing more than their assumption that anyone storing property in a USPV safe deposit box is engaging in criminal activity as an ostensible justification for the search and seizure of USPV safe box 22. Plaintiffs did not consent to the search of his safe deposit box or its contents.

23. Defendants have ***not*** initiated criminal proceedings against Plaintiffs, in connection with the contents of the seized safe deposit box 22. Nor, do Defendants have probable cause to initiate such proceedings against persons storing non-contraband property in the seized safe deposit boxes or in connection with the contents of safe deposit box number 22.

24. As a result of Defendants' unlawful search and seizure of the contents of the safe deposit box number 22, containing Plaintiffs' property, Plaintiffs have been unlawfully and unfairly deprived of property rightfully possessed.

25. Plaintiffs, therefore, are entitled to an order directing Defendants to return the property.

## *SECOND CAUSE OF ACTION*

**(Unreasonable Search and Seizure of Private Property in Violation of the Fourth and Fifth Amendments - Declaratory and Injunctive Relief Against All Defendants)**

26. Plaintiffs re-allege and incorporate by reference the allegations in each of the preceding paragraphs.

27. Plaintiffs' property is protected from unreasonable searches and seizures by the Fourth Amendment. Confiscation, inspection, and cataloging of the contents of USPV safe deposit box 22 leased to Plaintiffs and containing Plaintiffs' property is

a search and seizure for purposes of the Fourth Amendment.

28. Defendants seized and continue to maintain in their possession and control the Plaintiffs' cash from the safe deposit box in which Plaintiffs' property was stored, as set forth above. Defendants seized the safe deposit box without any probable cause to believe the contents of the safe deposit box number 22 were connected to any crime and, on information and belief, without a valid warrant authorizing Defendants to search Plaintiff's box number 22.

29. Defendants, without obtaining Plaintiffs' consent, searched and inventoried, the contents of the seized safe deposit box, and, the box remains under their custody and control.

30. Defendants have refused to return the cash from the safe deposit box to Plaintiffs.

31. Defendants also have refused to provide Plaintiffs with a copy of the warrant purportedly authorizing their search and seizure of the safe deposit box number 22.

32. Defendants' search and seizure of safe deposit box number 22, under the conditions described above, was unreasonable. Defendants' refusal to provide Plaintiffs with the warrant that purportedly authorizes their ongoing seizure and

search of Plaintiffs' property - unless Plaintiffs subject themselves to criminal investigation - is further unreasonable.

33. Defendants effected a search and seizure of safe deposit box number 22, without probable cause, and provided that Plaintiffs could only seek to recover the property by subjecting themselves to criminal investigation by Defendants.

34. Plaintiffs, through counsel, have attempted to exercise his Fourth Amendment rights by requesting that Defendants suspend their unreasonable search and inspection of safe deposit box 22.

35. By requiring that Plaintiffs to identify and subject themselves to criminal investigation in order to recover the property that Defendants unlawfully seized, Defendants, by their own conduct, requirements and admissions, have conditioned Plaintiffs lawful exercise of their Fourth Amendment rights on Plaintiffs' forfeiture of their Fifth Amendment rights.

36. Plaintiffs contend that Defendants' conduct has violated and continues to violate Plaintiffs' Fifth Amendment rights against self-incrimination, and that Plaintiffs are entitled to relief.

37. The Due Process Clause of the Fifth Amendment to the U.S.

Constitution provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

38. Plaintiffs contend that Defendants' conduct has violated and continues to violate Plaintiffs' Fifth Amendment rights, and that Plaintiffs are entitled to relief.

39. Plaintiffs have suffered and continue to suffer irreparable injury as a result of Defendants' conduct in violation of the Fourth and Fifth Amendments. That irreparable injury includes the continuing deprivation of Plaintiffs' possessory rights in the contents of deposit box 22, the continuing violation of Plaintiffs' Fourth and Fifth Amendment rights resulting from the threat of Defendants' ongoing search, inventorying, and seizure of the property, and Defendants' insistence that Plaintiffs must waive his Fifth Amendment rights by foregoing the confidentiality associated with the safe deposit box and submitting to a criminal investigation in order to obtain the property, and the denial of access to essential cash to maintain operational business capability.

40. On information and belief, Defendants contend that their seizure, search, and conditioned refusal to return the contents of box number 22 is reasonable and lawful and deny that Plaintiffs are entitled to any relief.

41. Plaintiffs, therefore, require a judicial determination of the parties'

respective rights and liabilities, and a declaration that Defendants' conduct constitutes an unreasonable search and seizure conducted in a manner that has violated, and continues to violate, Plaintiffs Fourth and Fifth Amendment rights.

42. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiff may ascertain their rights to retrieve the personal property seized by Defendants, and the rights (or lack thereof) of Defendants to use any information obtained from the search and seizure of Plaintiffs property.

43. Defendants have stated their intent to continue to retain the property, they unreasonably and unlawfully seized from Plaintiffs. Therefore, Plaintiffs have suffered and will continue to suffer irreparable injury absent an injunction restraining Defendants from (1) continuing to search and inspect Plaintiffs' property, (2) conditioning the release of box number 22 on Plaintiffs' disclosure of their identity and consent to being subjected to a criminal investigation, and (3) continuing to hold the contents of box number 22.

# PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants as follows:

A. For a declaration that Defendants' conduct, as described herein, have violated Plaintiffs' rights under the Fourth and Fifth Amendments to the United States Constitution as set forth above;

B. For a preliminary and permanent injunction ordering Defendants to immediately cease all seizures, searches, and inspection of box number 22, and violations of Plaintiffs' Fourth and Fifth Amendment rights as described herein;

C. For a preliminary and permanent injunction enjoining Defendants from accessing, reviewing, using or retaining the contents of box number 22 and the immediate return of all contents of box number 22 to Plaintiffs, seized by Defendants;

D. That Plaintiffs be awarded their costs and reasonable attorneys' fees in this action, pursuant to 28 U.S.C. §2412, or as otherwise authorized by law and/or equity;

E. For disgorgement of all interest actually or constructively accrued on all currency during the time the currency was in the possession of Defendants: and

F. For such other and further relief as the Court may deem proper and just.

DATED: January 22, 2022          LAW OFFICES OF
WILFRED J. KILLIAN

*Wilfred J. Killian*
_____
WILFRED J. KILLIAN,
Attorney for Plaintiffs,
DOES 1 and 2

---

**16**

**PLAINTIFFS' COMPLAINT**